USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/22/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                               :
DANIELLA RAJIC,                                         :
                                Petitioner,    :
                                                           :      14 Civ. 4423 (LGS)
                 -against-                     :
                                                           :      <u>OPINION & ORDER</u>
PAUL GEORGE,                                          :
                                       Respondent.  :
                                                                 :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       On June 18, 2014, Respondent Paul George removed this custody, paternity, and child support suit from New York State Supreme Court on the basis of diversity jurisdiction (Docket No. 1). On June 25, 2014, Respondent filed a motion to dismiss the case for lack of personal jurisdiction ("Motion") (Docket No. 4). On June 27, 2014, Petitioner submitted a letter requesting that the Court dismiss the case for lack of subject matter jurisdiction (Docket No. 9). On July 14, 2014, and in accordance with a Court Order dated July 8, 2014 (Docket No. 9), Respondent filed a responsive letter, opposing Petitioner's request (Docket No. 10). Because the Court lacks subject matter jurisdiction over this action, the case is dismissed *sua sponte*.

       Federal courts do not have jurisdiction over actions grounded in diversity that seek a child custody decree. "The domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). While the domestic relations exception is a narrow one, it is plain that the claims at "the heart" of this case, which "begin[s] and end[s] as a domestic dispute," fall within this exception. *Schottel v. Kutyba*, No. 06 Civ. 1577, 2009 WL 230106 (2d Cir. Feb. 2, 2009)

(summary order); *see also Martinez v. Cannataro*, No. 13 Civ. 3392, 2013 WL 5409205 (E.D.N.Y. Sept. 25, 2013).

Respondent argues that the Court should decide his Motion before reaching the issue of subject matter jurisdiction, citing cases for the proposition that a district court *may* decide a motion to dismiss for lack of personal jurisdiction before determining whether it has subject matter jurisdiction.  "Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case." *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996).  Respondent is correct, however, that "[o]n some occasions . . . considerations of judicial economy and restraint may persuade the court to avoid a difficult question of subject-matter jurisdiction when the case may be disposed of on a simpler ground."  *Id.*

This is not such a case.  It is clear that the Court has no subject matter jurisdiction over the claims here.  Accordingly, the case is remanded to state court pursuant to 28 U.S.C. § 1447(c).  The Clerk of Court is directed to close the case and terminate any outstanding motions.

SO ORDERED.

July 22, 2014
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE